IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TYRONE PORTER,** | : | **CIVIL NO. 3:15-CV-1625** |
| | : | |
| Petitioner | : | **(Judge Munley)** |
| v. | : | |
| | : | |
| **KENNETH CAMERON, PA STATE** | : | |
| **ATTORNEY GENERAL,** | : | |
| | : | |
| **Respondents**: | | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

On August 20, 2015, petitioner Tyrone Porter ("petitioner"), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his February 12, 2010 Court of Common Pleas of Dauphin County, Pennsylvania convictions for criminal homicide, 18 PA.C.S.A. § 2501(a), and aggravated assault, 18 PA.C.S.A. § 2702(a)(4). (Doc. 1; Doc. 12, ¶¶ 1-2). He is serving a sentence of life without parole. (Id.) For the reasons set forth below, the petition will be denied as untimely.

**I.   Background**

Following his February 2010 jury trial, petitioner was found guilty of criminal homicide, 18 PA.C.S.A. § 2501(a), and aggravated assault, 18 PA.C.S.A. § 2702(a)(4). (Doc. 12-2, p. 2). On February 12, 2010, he was sentenced to life without parole. (Doc. 1, p. 1; Doc. 12-2, p. 4). A timely appeal was filed with the Superior Court of Pennsylvania. (Doc. 12-3, p. 2). The superior court affirmed the judgment of sentence on December 6, 2010. (Doc. 1, p. 2; Doc. 12-3, p. 3). He filed a petition for allowance of appeal with the Supreme

Court of Pennsylvania on January 6, 2011. (Doc. 12-3, p. 3). The petition was denied on May 23, 2011. (Doc. 1, p. 2; Doc. 12-3, p. 3). Petitioner did not file a petition for writ of certiorari with the United States Supreme Court.

Petitioner timely filed a petition for post conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46, on April 24, 2012. (Doc. 1, p. 3; Doc. 12-2, p. 7). The petition was dismissed on October 29, 2013. (Doc. 1, p. 3; Doc. 12-2, p. 10). He appealed the dismissal to the superior court on November 21, 2013. (Doc. 12-2, p. 10). The superior court affirmed the dismissal on June 13, 2014. (Doc. 12-4, p. 3). He filed a timely petition for allowance of appeal to the supreme court, which was denied on November 25, 2014.

The instant petition was filed on August 17, 2015.

## II.  Discussion

The court shall "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). See 28 U.S.C. § 2244(d) (1). Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

2

(1) A 1-year period of limitation shall apply to an application for a writ of

> habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001). Thus, the period of time for filing a habeas corpus petition begins to run when direct review processes are concluded. See Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000) (stating that "the AEDPA provides that upon conclusion of direct review of a judgment of conviction, the one year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court.").

Petitioner was sentenced on February 12, 2010. His judgment became final on August 22, 2011, when his time to file a petition for writ of certiorari with the United States Supreme Court expired. The one-year period for the statute of limitations commenced running as of that date and expired one year later. Hence, the federal petition filed on August 17, 2015, is patently untimely. However, this does not conclude the court's analysis as it is necessary to consider both statutory and equitable tolling.

    A.    <u>Statutory Tolling</u>

Section 2244(d)(2) tolls the one year statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. <u>Swartz v. Meyers</u>, 204 F.3d 417 (3d Cir. 2000). "Pending," however, does not include the period during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition. <u>Stokes v. Dist. Attorney of the Cnty of Philadelphia</u>, 247 F.3d 539, 542 (3d Cir. 2001).

Petitioner successfully tolled the statue of limitations on April 24, 2012, when he filed a timely PCRA. At that point, approximately 244 days of the one year limitations period had elapsed. The statute remained tolled until the conclusion of his PCRA proceedings on November 25, 2014. Petitioner was required to file his petition within 121 days of the conclusion of the PCRA proceedings. He failed to accomplish this in that he did not file his petition in this Court until August 17, 2015, approximately 265 days later or, 144 days after the expiration of the statute of limitations. Consequently, his federal petition, which was received in federal court on August 17, 2015, was filed after the expiration of the limitations

period and is untimely.[1]

    B.    Equitable Tolling

A habeas petitioner may also be entitled to equitable tolling of the AEDPA statute of limitations. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003) (holding that AEDPA's time limit is subject to the doctrine of equitable tolling, a judicially crafted exception); Johnson v. Hendricks, 314 F.3d 159, 162 (3d Cir. 2002). Significantly, this statute of limitations is subject to equitable tolling only in extraordinary circumstances. See Merritt, 326 F.3d at 161. Thus, while equitable tolling is permitted in state habeas petitions under AEDPA, it is not favored. "Courts must be sparing in their use of equitable tolling" and only permit it where "principles of equity would make rigid application of a limitation period unfair." Sistrunk v. Rozum, 674 F.3d 181, 189 (3d Cir. 2012).

In Merritt, the Third Circuit Court of Appeals set forth two general requirements for equitable tolling: "(1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the claims." Merritt, 326 F.3d at 168 (internal citations and quotations omitted). Mere excusable neglect is not sufficient. Miller

---

[1] In his reply (Doc. 17), Petitioner asks this Court to calculate the limitations period in accordance with the "pending" definition set forth in Carey v. Saffold, 536 U.S. 214 (2000). Carey held that "an application is pending as long as the ordinary state collateral review process is 'in continuance'-*i.e.*, 'until the completion of' that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending.'" Carey, 536 U.S. at 219. The calculation of the limitations period in the matter *sub judice* is in accordance with Carey.

5

v. New Jersey State Dep't of Corr., 145 F.3d 616, 618-19 (3d Cir. 1998).  The Court of Appeals has identified additional circumstances in which equitable tolling is warranted: (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, and (4) the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or where the court has misled the plaintiff into believing that he had done everything required of him.  See Yanes v. Nish, No. 1:CV-08-2234, 2009 WL 1045884, at *2 (M.D. Pa. 2009) (Caldwell, J.) (citing Jones, 195 F.3d at 159).

Petitioner bears the burden of demonstrating his entitlement to equitable tolling and his due diligence.  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Cooper v. Price, 82 F. App'x. 258, 260 (3d Cir. 2003).  His 244 day delay in filing his PCRA petition does not demonstrate reasonable diligence.  Nor does the passage of approximately 144 days between the final disposition of his PCRA petition and the filing of his petition in federal court.  Additionally, he fails to meet the extraordinary circumstances element in that he was not actively misled, he was not in some extraordinary way been prevented from asserting his rights, he did not timely assert his rights mistakenly in the wrong forum, and the was not mislead by the court regarding the steps needed to take to preserve his claims.  Hence, equitable tolling of the AEDPA statute of limitations is not warranted in this case.

**III. CONCLUSION**

For the reasons set forth above, the petition for writ of habeas corpus (Doc. 1) will be dismissed as time-barred.

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. See Vogt, 2010 WL 126155, at *8 (concluding that "jurists of reason would not find it debatable whether the Petition was filed within the one-year limitation period provided for under AEDPA" and denying a certificate of appealability). Accordingly, there is no basis for the issuance of a certificate of appealability.

The denial of a certificate of appealability does not prevent petitioner from appealing

the order denying his petition so long as he seeks, and obtains, a certificate of appealability from the court of appeals.  See FED. R. APP. P. 22(b)(1), (2).

      A separate order will enter.

                                        **BY THE COURT:**

                                        **<u>s/James M. Munley</u>**
                                        **JUDGE JAMES M. MUNLEY**
                                        **United States District Court**

Dated:        April 25, 2016